IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TINA DIAZ,

          **Plaintiff,**

vs.                                               Civ. No. 17-769 JCH/KRS

SUPERINTENDENT RANDALL (RANDY)
PIPER, LORDSBURG MUNICIPAL SCHOOLS
BOARD OF EDUCATION, and DOES 1-10,

          **Defendants.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court on both Defendants' *Motion to Dismiss* [Doc. 6] as well as *Plaintiff Tina Diaz's Motion to Remand* [Doc. 10]. The Court has reviewed both motions, as well as all of the briefs and exhibits filed by the parties relating to those motions. Because the Plaintiff argues that the Defendants lacked a reasonable basis for removal of this case to federal district court, the Court concludes that her motion should be denied. The Plaintiff's own complaint suggests on its face that she is asserting claims under federal law. Nevertheless, in both her motion to remand and her response to the motion to dismiss, Plaintiff clarifies that she is not, in fact, bringing any federal claims. Accordingly, the Court will grant the Defendants' motion to dismiss in part with regard to Plaintiff's federal claims, and decline to exercise supplemental jurisdiction over the remaining state law claims. As a result of this decision, the Court will remand the remaining state claims to state district court.

## BACKGROUND

In her complaint, Plaintiff Tina Diaz ("Diaz"), alleges that her employer, Defendant Lordsburg Municipal School District, wrongfully terminated her employment. On June 27, 2017,

Diaz filed her complaint in the Sixth Judicial District Court, County of Hidalgo, State of New Mexico. *See* Doc. 1-1 at 7. On July 26, 2017, the Defendants removed the case to this federal district court on the grounds that it asserts a federal question under 28 U.S.C. § 1331. Doc. 1 at ¶ 3.

## DISCUSSION

### I.  Motion to Remand

Diaz moves to remand the case on the grounds that she has not pled any federal cause of action, and therefore this Court lacks subject matter jurisdiction over her claims. Based on this alleged improper removal, she seeks attorney's fees and costs incurred in pursuing remand. Defendants, on the other hand, point to several examples from Diaz's complaint that could reasonably be construed as asserting claims under federal law. However, in her briefs addressing both the motion to remand and the motion to dismiss, Diaz now clarifies that she does not intend to assert any federal claims.

Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (noting that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law").

Here, Diaz's complaint contains statements that suggest she intended to assert one or more federal causes of action. Diaz alleges that her complaint is based upon violations of "both state and federal law." Doc. 1-1 at 8 of 34. Later in the document, she invokes "confusing state and *federal* chapters, sections, subsections—regulating wages, unemployment benefits,

2

workplace injuries, medical leave, employee retirement plans, discrimination, union activity, workplace privacy." *Id.* at 31 of 34, ¶ 67 (emphasis added). Diaz avers that she "has been denied her Due Process Clause of the Fourteenth Amendment.' *Id..* at 33 of 34, ¶ 80. Plaintiff also alleges in her Complaint that she has shown a prima facie case of discrimination under the standards of *Hinds v. Sprint/United Mgmt. Co*., 523 F.3d 1187, 1202 (10th Cir. 2008), a federal circuit court of appeals decision discussing an age discrimination claim brought under the federal Age Discrimination Employment Act (ADEA). *Id.* at 32-33 of 34, ¶ 77. All of this further suggests that Diaz was asserting a claim under federal law. Based on the foregoing, the Court concludes that a reasonable person would believe, based on the face of Diaz's complaint, that she was asserting a federal claim. Accordingly, the removal was not improper, and Diaz's motion to remand will be denied.

Although the Court will, in fact, remand this case for *other* reasons discussed below, it will not award Diaz any attorney's fees that she has incurred as a result of the removal. When remanding an action to state court, district courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," see 28 U.S.C. § 1447(c), but "only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005) (emphasis added). If "an objectively reasonable basis exists, fees should be denied." *Id*. As explained above, the removal was objectively reasonable, and there is no basis for an award of fees.

**II.     Motion to Dismiss**

In their motion to dismiss, Defendants have surmised that Diaz is asserting assorted claims under state and federal law as follows: (1) disability discrimination under the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101 et seq.) and the New Mexico Human Rights

Act (NMHRA) (N.M. Stat. Ann. §§ 28-1-1 et seq.); (2) retaliation arising from alleged disability discrimination under the ADA and the NMHRA; (3) age discrimination under the Age Discrimination Employment Act (ADEA) (29 U.S.C.§ 621 et seq.) and the NMHRA; (4) denial of federal due process rights pursuant to 42 U.S.C. § 1983, based on Defendant's alleged failure to explain the implications of Plaintiff's transfer to an at will job around November 2012 and lack of a meaningful hearing to justify termination on or about May 13, 2016. *See* Doc. 6 at 4 of 13. Defendants then argue that all of Diaz's claims should be dismissed for failure to exhaust administrative remedies, failure to state a claim, or as untimely under the applicable statute of limitations.

In her response to the motion [Doc. 12], Diaz states that she is not asserting any claims under the ADA, the ADEA, or the United States constitution.

In light of the foregoing, the Court will grant Defendants' motion to dismiss in part as to all of Diaz's claims under federal law, which will be dismissed with prejudice. The Court does not reach, and expresses no opinion regarding, the motion to dismiss as it pertains to Diaz's state law claims.

### III. Declining to Exercise Supplemental Jurisdiction

The Tenth Circuit has held that district courts should presume to decline jurisdiction over state claims when federal claims no longer remain: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). This proclamation is consistent with the Supreme Court's statement that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted).

Having dismissed Diaz's federal law claims, which Diaz contends that she never intended to assert in the first instance, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which will be remanded to the state district court in accordance with 28 U.S.C. § 1447.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff Tina Diaz's Motion to Remand* [Doc. 10] is **DENIED**;

(2) Defendants' *Motion to Dismiss* [Doc. 6] is **GRANTED IN PART** as to Plaintiff's claims against Defendants under federal law, which are hereby **DISMISSED WITH PREJUDICE**. This ruling is without prejudice to Defendants' right to move the state district court to dismiss Diaz's remaining state law claims;

(3) This case is hereby **REMANDED** to the Sixth Judicial District Court, County of Hidalgo, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**